UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CLARENCE RUSSELL                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 5:17-CV-P92-TBR

BAPTIST HEALTHCARE SYSTEM, INC. et al.                     DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Clarence Russell, filed a *pro se*, *in forma pauperis* complaint on this Court's form for civil-rights complaints pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate housed at the Kentucky State Reformatory. The complaint names as Defendants the Baptist Healthcare System, Inc.; Dr. Bradley B. McElroy; the McCracken County Judicial System; and Heritage Manor, a nursing home in Mayfield, Kentucky. The complaint mostly concerns Plaintiff's late wife, Elsie Russell, who died in October 2012. Plaintiff alleges negligence and malpractice on the part of the Baptist Healthcare System and Dr. McElroy in the medical care of Elsie Russell and alleges that Heritage Manor "done nursing home abuse on Elsie Russell and their duty of care was very poor." He also alleges that these Defendants violated Elsie Russell's Eighth Amendment rights.

The only portion of the complaint which is not related to the alleged inadequacies of Plaintiff's late wife's healthcare is against Defendant McCracken County Judicial System. Plaintiff alleges that he was scheduled for a hearing in McCracken County Circuit Court on May

26, 2017, but "They refuse a Judge Clymer Order to Transport. Clarence Russell case was dismissed because he could not defend his self. This violate his Due Process Rights."

There are a number of attachments to the complaint including a June 5, 2017, McCracken Circuit Court Order signed by the Honorable Craig Z. Clymer dismissing Plaintiff's state-court suit which raised the same allegations regarding his wife's wrongful death. The state court found that the suit was barred by the one-year statute of limitations and because Plaintiff, who was not the personal representative of the decedent, lacked the capacity to bring suit on behalf of his late wife.

As relief, Plaintiff requests declaratory relief and compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In suits brought under 42 U.S.C. § 1983, the question of who may bring an action for violations of a decedent's constitutional rights is determined by state law. *See* 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 589-90 (1978); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). In Kentucky, only the decedent's personal representative may maintain a wrongful death action on the decedent's behalf. Ky. Rev. Stat. § 411.130(1).

It is clear from the state-court order attached to the complaint that Plaintiff is not the decedent's personal representative. Thus, Plaintiff has no standing to bring suit for the decedent's death under § 1983. *See Offill v. Baptist Hosp. N.E.*, No. 3:10CV-P631-H, 2010 WL 4174640, at *1 (W.D. Ky. Oct. 20, 2010) ("Plaintiff has not alleged nor does he appear to be the personal representative of [decedent;] [a]s such, he does not have standing to bring a suit on behalf of the decedent's estate.").

Additionally, the complaint fails to state an Eighth Amendment claim on behalf of Elsie Russell because the Eighth Amendment applies to convicted prisoners, which she was not. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *Alexander v. Haymon*, 254 F. Supp. 2d 820, 831 (S.D. Ohio 2003); *Easley v. Kirmsee*, 235 F. Supp. 2d 945, 961 (E.D. Wis. 2002). Further, a § 1983 claim may only be brought where a constitutional deprivation was made by a person acting under the color of state law. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The complaint does not allege, and there is no reason to believe, that Defendants Baptist Healthcare System, Dr. McElroy, or Heritage Manor were acting under the color of state law.

Moreover, Plaintiff is essentially asking this Court to overrule the McCracken Circuit Court's ruling on the identical issue. This Court cannot review the decision of the state court for

3

constitutional or other infirmities. *See, e.g.*, *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) ("The *Rooker-Feldman* doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments.").

Plaintiff also fails to state a claim upon which relief may be granted regarding his claim that his due-process rights were violated. Plaintiff alleges that he was scheduled for a hearing in McCracken County Circuit Court on May 26, 2017, but "[t]hey refuse a Judge Clymer Order to Transport. Clarence Russell case was dismissed because he could not defend his self. This violate his Due Process Rights." However, attached to the complaint is the June 5, 2017, McCracken Circuit Court Order signed by Judge Clymer dismissing Plaintiff's state-court suit as barred by the one-year statute of limitations and because Plaintiff lacked the capacity to bring suit on behalf of his late wife. That Order denied Plaintiff's motion for transport order as moot. Thus, there was no violation of an order to transport. Also attached to the complaint is Plaintiff's opposition to the motion to dismiss filed in the McCracken Circuit Court, showing that he had the opportunity to respond in writing.

Moreover, a claim that the Fourteenth Amendment's right to procedural due process has been violated "depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered." *MacMillan v. Fielding*, 136 F. App'x 818, 820 (2005). To the extent that Plaintiff is alleging that his right to access the state court was violated, in order to state a claim for the access to court, Plaintiff must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff's state-court suit brought by Plaintiff who was not the decedent's personal representative and years after the statute of limitations had run was doomed. No appearance by

4

Plaintiff before the state court would have changed the outcome, and Plaintiff's due-process rights were not violated because he was not transported to a hearing.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
       Defendants
4413.009